## COLWELL and others *v.* SPRINGFIELD IRON CO.

*(Circuit Court, S. D. New York.   August 14, 1885.)*

BROKERS—COMMISSIONS—EXPRESS AGREEMENT—COMPROMISE.

Plaintiffs, brokers in railway supplies, knowing of a party who wanted rails and fastenings, telegraphed to defendant, a manufacturer and seller of railway iron, for prices, to cover them 1 per cent. on rails and 2½ per cent. on fastenings. Defendant gave prices, and a contract was made for the sale and delivery of the iron at an agreed price, on that basis as to plaintiffs commission, but the contract fell through by default of the purchaser, and no rails were delivered or paid for under it. Afterwards, plaintiffs, in consideration of $1,000, canceled a contract with the purchaser, and waived all claim or interest in certain contracts, among them this contract with defendant. In an action to recover commissions, *held*, that a verdict was properly directed for defendant.

At Law.

*Charles W. Hassler*, for plaintiffs.

*George Zabriskie*, for defendant.

WHEELER, J.   The plaintiffs are brokers in railway supplies. The defendant is a manufacturer and seller of railway iron. They knew of a party who wanted rails and fastenings, and telegraphed to defendant for prices, "to cover us one per cent. on rails and two and one-half per cent. on fastenings." The defendant gave prices, and a contract was made for the sale and delivery of the iron at an agreed price, on that basis as to the plaintiffs' commission. The contract fell through by the default of the purchaser, and no rails or fastenings were delivered or paid for under it. Afterwards the plaintiffs, by an instrument in writing signed by them and delivered to the purchaser, in consideration of $1,000, canceled a contract which they had with him, and waived all claims or interest they might have in several contracts named, among which was this contract with the defendant for the purchase of this iron. Upon these facts, about which there is no controversy, a verdict was directed for the defendant.

1. There is no question but that, as has been well argued for the plaintiffs, brokers employed to make contracts of sale or purchase are, generally, entitled to their commissions when the contracts are effected. They are entitled to their pay when the work for which they are to be paid is done, in the absence of express stipulation. In this case the defendant did not employ the plaintiffs to make sales, or contracts of sale, so that they could recover upon an implied

promise to pay for work done on request; but the plaintiffs applied to defendant and sought prices, as if acting for a purchaser, and if no provision had been made for commission none would have become due in any event. An express provision was made, and the plaintiffs are entitled only according to the terms of the provision. These were that the price which the defendant was to have was to cover to plaintiffs—that is, include for them—the commission. When the defendant should receive the price, the amount of the commission would be received for the plaintiffs. Until the price should be received there would be nothing for the plaintiffs. There is nothing about the business of brokers to prevent the operation of express engagements more than there is in other employments. The plaintiffs proposed their own terms, and the defendant accepted them, and has a right to stand upon them. This does not hold the plaintiffs to the default of the purchaser, but to the terms of their employment, such as it was.

2. If the plaintiffs should recover of the defendant, the purchaser would be liable to the defendant, for the amount paid, as a part of the price of the iron not taken and paid for, in enhancement of the damages of his default. The purchaser compromised that liability from him to the defendant, and from the defendant over to the plaintiffs, directly with the plaintiffs. This was a satisfaction of this claim, and discharged the intermediate liability. *Thurman* v. *Wild*, 11 Adol. & E. 453; *Bevins* v. *Ramsey*, 15 How. 179. If the plaintiffs should recover their commission of the defendant they would be twice paid for the same thing.

Motion for new trial denied.